IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEVIN LABREW, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 2:23-cv-79 |
| | § | |
| A&K TRUCKLINE, INC. and | § | |
| UNKNOWN EMPLOYEE DRIVER, | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Devin Labrew files this Original Complaint against A&K Truckline, Inc. ("A&K"), a corporation, and its unknown employee driver ("Defendant Driver"), an individual, and respectfully alleges as follows:

**I.
PARTIES**

1. Plaintiff Devin Labrew is an individual and resident of DeKalb County, Georgia.

2. Defendant A&K is a California Corporation. Its corporate headquarters are in Corona, California. It may be served with process by and through its registered agent, Kiran Deep, located at 7041 Bethany Court, Eastvale, California 92880.

3. Defendant Driver is an individual whose name and residence are unknown to Plaintiff at this time.

## II.
## JURISIDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 United States Code section 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5.  Venue is proper in the Amarillo Division of the Northern District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Potter County, Texas. Specifically, the motor vehicle collision that is the basis of this suit occurred in Potter County, Texas.

## III.
## CONDITIONS PRECEDENT

6.  All conditions precedent have been performed or have occurred.

## IV.
## FACTS

7.  This case arises from a vehicle collision that occurred on or about May 31, 2021, at approximately 12:37 a.m. on eastbound Interstate Highway 40 east of the intersection with Interstate Highway 27, in Potter County, Texas.

8.  At the time of the collision, Defendant Driver was operating a tractor-trailer believed to be owned by Defendant A&K, which is believed by Plaintiff to be Defendant Driver's employer.

9.  Upon information and belief, Defendant A&K entrusted the tractor-trailer involved in this collision to Defendant Driver.

10. Upon information and belief, Defendant Driver was, at all relevant times, an employee, agent, or independent contractor of Defendant A&K, acting within the course and scope of his or her employment or agent-principal relationship.

11. At the time of the collision, Plaintiff Labrew was driving eastbound on Interstate Highway 40.

12. While Defendant Driver was operating Defendant A&K's tractor-trailer, Defendant Driver made an unsafe lane change into the lane presently occupied by Plaintiff Labrew.

13. Because Defendant Driver failed to confirm that it was safe to change lanes into the lane presently occupied by Plaintiff, the left side of A&K's tractor-trailer collided into the front right of Mr. Labrew's vehicle.

14. As a result of the collision, Plaintiff suffered injuries and damage to Plaintiff's vehicle. Plaintiff Mr. Labrew has experienced physical pain and suffering and mental anguish in addition to his economic damages, as detailed below.

## V.
## NEGLIGENCE OF DEFENDANT DRIVER

15. Defendant Driver owed a duty to the public, including Mr. Labrew, to exercise ordinary care in the operation of a motor vehicle on public roadways. He or she failed to exercise ordinary care and thus breached his or her duty of care in the following ways:

  a. Changing lanes while unsafe;

  b. Failing to keep a safe distance;

  c. Failing to control the vehicle's speed;

  d. Failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

  e. Failing to properly and timely apply the tractor-trailer's brakes to avoid the collision referenced above;

  f. Failing to take proper evasive measures to avoid the collision referenced above;

  g. Driving in a reckless manner;

  h. Driver inattention;

  e. Upon information and belief, driving while distracted; and

  f. Failure to give proper warning upon an impending collision.

16. Defendant Driver's failure to exercise ordinary care proximately caused Plaintiff's injuries.

## VI.
## NEGLIGENCE PER SE OF DEFENDANT DRIVER

17. For the reasons stated above, Defendant Driver recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Specifically, Defendant violated the following statutes:

  a. Changing lanes when unsafe. Tex. Transp. Code § 545.060;

  b. Failure to yield the right-of-way while changing lanes. Tex. Transp. Code § 545.061;

  c. In failing to yield the right-of-way resulting in an accident. Tex. Transp. Code Ann. § 542.4045;

  d. In failing to keep a safe distance. Tex. Transp. Code Ann. § 545.062; and

  e. In driving in a reckless manner. Tex. Transp. Code Ann. § 545.401.

18. Such acts and/or omissions constitute negligence per se. This negligence per se proximately caused Plaintiff's injuries.

## VII.
## RESPONDEAT SUPERIOR

19. Defendant A&K is responsible for the actions of Defendant Driver under the doctrine of *respondeat superior*. Plaintiff was injured due to the negligence, negligence per se, and

gross negligence of A&K's employee or agent, Defendant Driver. Upon information and belief, Defendant Driver was an A&K employee acting in the course and scope of employment when the above-described acts and/or omissions were committed.

## VIII.
## NEGLIGENT ENTRUSTMENT BY A&K

20. The occurrence made the basis of this suit, referred to above, and the resulting damages were proximately caused by the negligent conduct of Defendant Driver, acting in the course and scope of employment and on behalf of A&K. On the occasion in question:

   a. Upon information and belief, Defendant A&K was the owner of the tractor-trailer operated by Defendant Driver on the date of the incident;

   b. Defendant A&K entrusted the tractor-trailer to Defendant Driver as a reckless or incompetent driver;

   c. Defendant Driver was negligent on the date of the incident; and

   d. Defendant Driver's negligence was the proximate cause of Plaintiff's injuries and damages.

## IX.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

21. *Negligent Hiring*. Defendant A&K had a duty to hire competent employees. Upon information and belief, Defendant A&K breached that duty by hiring Defendant Driver, due to inadequate screening measures and/or because Defendant Driver was an incompetent or unqualified driver. Upon information and belief, Defendant A&K's failure to perform adequate pre-employment screening measures and hiring practices and/or its hiring of an incompetent or unqualified driver proximately caused Plaintiff's injuries. Furthermore, Plaintiff's injuries are a harm of the type for which the law permits recovery.

22. *Negligent Training*. Defendant A&K had a duty to train competent employees. Upon information and belief, Defendant A&K breached that duty by failing to train, or by inadequately training Defendant Driver. Upon information and belief, Defendant A&K's training practices as they relate to Defendant Driver fell below the standard that a reasonably prudent trucking/transportation/distribution company would have maintained. Upon information and belief, this breach of A&K's duty to train competent employees proximately caused Plaintiff's injuries and damages.

23. *Negligent Supervision*. Defendant A&K had a duty to supervise its employees. Upon information and belief, Defendant A&K breached that duty by failing to supervise, or by inadequately supervising Defendant Driver. Upon information and belief, Defendant A&K's supervision as it related to Defendant Driver fell below the standard that a reasonably prudent trucking, transportation, or distribution company would have maintained. Upon information and belief, this breach of A&K's duty to supervise Defendant Driver proximately caused Plaintiff's injuries and damages.

24. *Negligent Retention*. Defendant A&K had a duty to retain competent employees. Upon information and belief, Defendant A&K breached that duty by retaining Defendant Driver, an incompetent and/or unqualified driver. Upon information and belief, Defendant A&K's retention practices, as they relate to Defendant Driver, fell below the standard that a reasonably prudent trucking, transportation, or distribution company would have maintained. Upon information and belief, this breach of A&K's duty to retain competent employees proximately caused Plaintiff's injuries and damages.

## X.
## GROSS NEGLIGENCE OF DEFENDANTS

25.     As stated previously, Defendant Driver had a duty to exercise ordinary care in the operation of a motor vehicle. Defendant A&K owed a duty to exercise ordinary care in its hiring, supervision, training, and retention of employees and in the entrustment of its tractor-trailer. For the reasons set forth above, Defendant Driver recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Such acts or omissions constitute gross negligence.

26.     The acts and/or omissions of the Defendants, when viewed objectively from Defendants' standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Further, Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the public and Plaintiff.

27.     This willful or wanton disregard for the safety of persons or property proximately caused Plaintiff's injuries. Thus, the Defendants are liable for gross negligence and exemplary damages.

28.     Additionally, for the reasons stated above as they relate to negligent hiring, retention, supervision, and training, and the negligent entrustment of a vehicle to Defendant Driver, Plaintiff alleges that Defendant A&K is also liable for gross negligence and exemplary damages, as further detailed above.

## XI.
## DAMAGES

29.     Plaintiff Devin Labrew sustained injuries in the collision referenced above as a direct and proximate result of Defendants' acts and omissions.

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, Mr. Labrew has incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

   b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   c. Physical pain, suffering, and mental anguish in the past and future;

   d. Physical impairment in the past and future;

   e. Physical disfigurement experienced in the past and that, in all reasonable probability, will be experienced by Plaintiff in the future;

   f. Property damage;

   g. Loss of consortium;

   h. Loss of enjoyment of life;

   i. Loss of household services in the past and which will, in all reasonable probability, be incurred in the future;

   j. Loss of wages in the past;

   k. Loss of wages that will, in all reasonable probability, be incurred in the future;

   l. Loss of earnings and earning capacity in the past;

   m. Loss of earnings and earning capacity which will, in all reasonable probability, be incurred in the future; and

   n. Exemplary damages.

31. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief greater than $250,000, but not more than $1,000,000.

32. By the reasons stated above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XII.
## JURY DEMAND

33. Plaintiff requests his right to a jury trial afforded by the Texas Constitution and the United States Constitution. Plaintiff has tendered, or will tender, the requisite fee to the District Clerk.

## XIII.
## PRAYER

34. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may show himself to be entitled by law or in equity.

Respectfully submitted,

*/s/ Kimberly Jones Penepacker*
KIMBERLY JONES PENEPACKER
State Bar No. 24101976
Kim@thetexaslawdog.com
GILLIANNE VAN DER MERWE
State Bar No. 24115890
Gillianne@thetexaslawdog.com
MATTHEW E. AUSLBROOK
State Bar No. 24093880
Matt@thetexaslawdog.com
**AULSBROOK LAW FIRM, PLLC**
424 E. Lamar Blvd., Ste. 200
Arlington, Texas 76011
Tel. 817.775.5364
Fax 817.381.5892
**ATTORNEYS FOR PLAINTIFF**