IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEVIN LABREW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-CV-079-Z-BR |
| | § | |
| A&K TRUCKLINE, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO INTERVENE

Before the Court is A-One Commercial Insurance Risk Retention Group, Inc.'s ("A-One") Motion to Intervene. (ECF 11). Having reviewed A-One's Motion, Plaintiff's Response, and the controlling law, A-One's Motion to Intervene is GRANTED.

## I.   Background

### A.  Procedural History

This lawsuit arises from a vehicular accident between Plaintiff, Devin Labrew, and A&K Truckline, Inc.'s Unknown Driver. (ECF 1). Plaintiff filed this suit against A&K Truckline and its Unknown Driver on May 4, 2023 to recover monetary damages for injuries he allegedly sustained in the accident. (*Id.*)

Since filing his Complaint, Plaintiff has struggled to effect service on A&K Truckline, Inc.[1] (ECF 7; ECF 8; ECF 9) and has similarly been unable to identify A&K's Unknown Driver—the individual driving the tractor-trailer at the time of the accident made the basis for this lawsuit. (*See* ECF 1). Likewise, as of today, A&K and its Unknown Driver have failed to make an appearance in this lawsuit. (*See* ECF 10).

---

[1] The undersigned makes no finding at this juncture whether service was properly effected on A&K Truckline, Inc.

On October 10, 2023, Plaintiff filed a Motion for Default Judgment against A&K Truckline, Inc. (*Id.*). Exactly one week after Plaintiff filed his Motion for Default Judgment—on October 17, 2023—A-One filed its Motion to Intervene pursuant to Federal Rule of Civil Procedure 24.[2] (ECF 11); Fed. R. Civ. P. 24. Subsequently, Plaintiff filed his Response opposing A-One's Motion to Intervene. (ECF 13).

### B. A-One's Motion to Intervene

First, A-One's Motion to Intervene was not accompanied by a pleading that sets out the claim or defense for which intervention is sought; however, the Fifth Circuit has deemed the pleading requirement in Federal Rule 24(c) to be permissive.[3] Likewise, A-One did not plead and prove an independent ground for jurisdiction—but A-one was not *required* to do so.[4] Accordingly, the undersigned is at liberty to consider A-One's Motion to Intervene for its merits, despite its debatable procedural deficiencies.

A-One seeks intervention to defend against Plaintiff's alleged damages. (ECF 11 at 1). A-One is the surety under an MCS-90 endorsement issued to A&K. (*Id.*). Pursuant to that suretyship, A-One is responsible to pay any final judgment recovered against A&K for public liability resulting from negligence in the operation, maintenance or use of motor vehicles. (*Id.*). Ultimately,

---

[2] A-One moves to intervene as a matter of right pursuant to Federal Rule 24(a); alternatively, A-One moves for permissive intervention pursuant to Federal Rule 24(b). *See* Fed. R. Civ. P. 24(a) & (b).

[3] Fed. R. Civ. P. 24(c) ("The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."); *see* Wright and Miller et al., *Federal Practice and Procedure, Civil* § 1914 (3d ed.) (footnotes 13–14) (discussing that the best practice is to file and serve the pleading with the motion, but a failure to do so may not result in a denial of the motion to intervene); *see also DeOtte v. Nevada*, 20 F.4th 1055, 1067 n.2 (5th Cir. 2021) (pleading requirement is permissive).

[4] *See Smith Pet. Serv. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970) (discussing that when an applicant alleges and proves it has a right to intervene under Rule 24(a), it is generally not required to plead and prove an independent ground for jurisdiction).

A-One will be responsible for any judgment, up to the proceeds available pursuant to the MCS-90 endorsement, Plaintiff may recover against A&K in this suit.

As noted, both parties filed briefs related to A-One's intervention. (ECF 11; ECF 13). Regardless of the arguments made by the parties in their briefing, there is a well-developed body of case law addressing intervention in federal court; therefore, the Court will conduct its own analysis using the established legal framework.

## II.     Legal Standard

### A.  Standing

To intervene in a lawsuit in federal court, the intervening party must have Article III standing. A party seeking relief in federal court must demonstrate: (1) an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical;" (2) that the injury is "fairly traceable to the challenged action;" and (3) that it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

### B.  Federal Rule 24(a): Intervention of Right

Generally, Federal Rule of Civil Procedure 24(a) permits a party to seek intervention as a matter of right. *See* Fed. R. Civ. P. 24(a). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be construed liberally." *Wal-Mart Store, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). "Federal courts should allow intervention when no one would be hurt, and greater justice could be attained." *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Without a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2). Fed. R. Civ. P. 24 (a)(2). Pursuant to Rule 24(a)(2), intervention as a matter of right is proper when:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, *551 (5th Cir. 2004) (citing *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)); *see also* Fed. R. Civ. P. 24(a)(2).

"Although failure to satisfy any one element precludes the applicant's right to intervene, we have noted that 'the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application,' and concluded that intervention of right must be measured by a practical rather than technical yardstick.'" *Ross v. Marshall*, 426 F.3d 745, *753 (5th Cir. 2005); *see also Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

## III.  Analysis

The Court finds that A-One is entitled to intervene in this lawsuit as a matter of right; therefore, the Court will not discuss the merits of A-One's alternative motion for permissive intervention pursuant to Rule 24(b). *See* Fed. R. Civ. P. 24(a) & (b). Instead, the Court will only discuss the merits of A-One's motion to intervene as a matter of right. *See* Fed. R. Civ. P. 24(a).

As noted above, to intervene in a lawsuit in federal court, the intervenor must have Article III standing. The Court finds that A-One has standing to intervene in this suit.

A-One's injury is actual and imminent. Notably, if the pending default judgment is granted in favor of Plaintiff for $500,000—as requested—A-One will be stuck paying the judgment without having the opportunity to defend itself against Plaintiff's claims; specifically, Plaintiff's claim for $434,353.10 in non-economic damages.[5] (*See* ECF 10 at 3). Likewise, A-One's injury is

---

[5] The Court has no evidence substantiating an award of $434,353.10 in non-economic damages—even if the Court did grant Plaintiff's Motion for Default Judgment. (*See* ECF 10). Likewise, the remaining $64,646.90, alleged to

traceable to the challenged action. A-One wants the opportunity to defend itself from paying a

judgment stemming from claims no party has defended against. Moreover, as surety, A-One's

interest in defending against Plaintiff's claims is directly traceable to the challenged action.

Lastly, A-One's imminent harm of having to pay a $500,000 judgment without the benefit

of any party defending against Plaintiff's claims can be redressed if A-One is allowed to intervene

and defend against Plaintiff's claims—even if A-One's only defenses relate to Plaintiff's alleged

damages. Having met the required elements, A-One has Article III standing.

## A.  A-One's Motion to Intervene was timely.

The first element to consider is whether A-One's Motion to Intervene was timely. *Ross*, 426

F.3d at *753. In *Stallworth v. Monsanto Co.*, the Fifth Circuit set forth four factors that must be

considered when evaluating whether a motion to intervene was timely:

> Factor 1. The length of time during which the would-be intervenor actually or
> reasonably should have known of his interest in the case before he petitioned for
> leave to intervene.
>
> ***
>
> Factor 2. The extent of prejudice that the existing parties to the litigation may suffer
> as a result of the would-be intervenor's failure to apply for intervention as soon as
> he actually knew or reasonably should have known of his interest in the case.
>
> ***
>
> Factor 3. The extent of prejudice that the would-be intervenor may suffer if his
> petition for leave to intervene is denied.
>
> ***
>
> Factor 4. The existence of unusual circumstances militating either for or against a
> determination that the application is timely.

558 F.2d 257, 264–266 (5th Cir. 1977).

"Although these factors give structure to our [the Fifth Circuit's] timeliness analysis, we

[the Fifth Circuit] have explicitly observed that the timeliness analysis remains 'contextual,' and

_____

represent actually paid or incurred medical expenses, lacks any support in Plaintiff's Motion for Default Judgment.
(*Id.*).

should not be used as a 'tool for retribution to punish the tardy would-be intervenor, but rather [should serve as] a guard against prejudicing the original parties by the failure to apply sooner.'" *Ross*, 426 F.3d at *754 (citing *Sierra Club*, 18 F.3d at 1205).

### 1. Factor 1.

The first *Stallworth* factor "focuses on the time lapse between the applicant's receipt of actual or constructive knowledge of his interest in the litigation and the filing of his motion for intervention." *Ross*, 426 F.3d at *754. Generally, the length of time is measured from the point when the applicant was on notice that its interest may not be protected by another party already in the suit, not when it learned of its interest. *See Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267, 279 (2022).

Here, A-One was on notice for 75 days before filing its Motion to Intervene—the date from receiving a courtesy copy of Plaintiff's Complaint until the date of A-One's Motion to Intervene. (ECF 13 at 4–5). Considering that neither of the named Defendants have appeared in this lawsuit, the litigation has not progressed at all, and that the Complaint was originally filed 6 months ago, the length of time factor weighs in favor of A-One. Importantly, during this timeframe, A-One realized that A&K was not defending against Plaintiff's claims. In other words, it was only recently that A-One determined no party was protecting its interest.

Moreover, A-One acted reasonably in waiting to see if A&K was going to defend the lawsuit. After Plaintiff filed his Motion for Default Judgment and A&K had still not made an appearance, A-One promptly filed its Motion to Intervene. (*See* ECF 10; *see also* ECF 11). In reality, A-One did not delay much at all from the time it realized its interest was not going to be protected until the time it filed its Motion to Intervene.

Moreover, courts have granted motions to intervene post-judgment when justice so requires—making this delay insignificant, especially when viewed in context. *See, e.g., Ceres Gulf*

*v. Cooper,* 957 F.2d 1199, 1203–04 (5th Cir.1992); *Baker v. Wade,* 769 F.2d 289, 291 (5th

Cir.1985) (en banc), *rev'd on other grounds by Lawrence v. Texas,* 539 U.S. 558 (2003).

Accordingly, the first factor weighs in favor of A-One's motion being timely.

### 2. *Factor 2.*

The second *Stallworth* factor requires that we determine the extent to which Plaintiff will

be prejudiced by A-One's failure to seek intervention at an earlier time. *Ross*, 426 F.3d at *755.

"This factor is concerned with the ***prejudice caused by the applicant's delay***, not that prejudice

which may result if intervention is allowed." *Id.* (quoting *Edwards*, 78 F.3d at 1002) (emphasis

added).

Here, the Court is unable to decipher any prejudice Plaintiff suffered from A-One's delay

in moving to intervene in this lawsuit. This case is still in its infancy. Plaintiff is the only party

who has appeared in the case. There is no reasonable argument that—at this stage in the

litigation—Plaintiff has been prejudiced by A-One waiting until it did to move to intervene.

Plaintiff does not make any arguments that A-One waiting to intervene has caused it any prejudice

up to this point.

Instead, Plaintiff argues that adding A-One to this case will unnecessarily complicate a

simple case. (*See* ECF 13). Not only does the Court disagree with that argument, but it is also not

relevant to the Court's inquiry as to whether Plaintiff was prejudiced as a result of A-One's delay

in moving to intervene. *See Edwards*, 78 F.3d at 1002; *see also Adam Joseph Res. (M) Sdn. Bhd.*

*CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (highlighting that the prejudice must be caused

by the applicant's delay, not by the fact that including another party might make resolution more

difficult).

In short, the Court disagrees with Plaintiff's contentions opposing A-One's intervention based on any prejudice it may have endured as a result of A-One's delay in moving to intervene. A-One waiting 75 days to intervene did not prejudice Plaintiff.

### 3. Factor 3.

The third *Stallworth* factor "focuses on the prejudice the potential intervenor would suffer if not allowed to intervene." *Ross*, 426 F.3d at *756 (citing *John Doe No. 1 v. Glickman*, 256 F.3d 371, 378–79 (5th Cir. 2001)).

Here, A-One will suffer prejudice by having to pay a judgment without any party defending against Plaintiff's claims. Notably, A-One will be prejudiced by not having the opportunity to contest Plaintiff's alleged damages. (ECF 11 at 5). Accordingly, A-One will suffer prejudice if it is not permitted to intervene and challenge Plaintiff's alleged damages.

### 4. Factor 4.

Under the fourth *Stallworth* factor, we must ascertain whether any unusual factors weigh in favor of a finding of timeliness. *Ross*, 426 F.3d at *756.

Here, the only unusual circumstance is that neither named Defendant has appeared in this lawsuit. However, given that this litigation is still in its infancy, the circumstances militate toward a determination that A-One's motion is timely.

After considering the *Stallworth* factors, the Court finds that A-One's Motion to Intervene was timely. *See* 558 F.2d at 264–266.

### B. A-One has a property interest at issue in this case.

The second element that an applicant must satisfy in order to intervene as a matter of right is the assertion of an interest related to the property or transaction at issue in the case. *Ross*, 426 F.3d at *757. The Fifth Circuit has held that in order to meet this requirement, "an applicant must point to an interest that is 'direct, substantial, [and] legally protectable.'" *Id.*; (citing *New Orleans*

*Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). Additionally,

"the intervenor should be the real party in interest regarding his claim." *Ross*, 426 F.3d at *757

(quoting *Saldano*, 363 F.3d at 551). Despite these requirements, the Fifth Circuit has observed that

"the interest test is primarily a practical guide to disposing of lawsuits by involving as many

apparently concerned persons as is compatible with efficiency and due process." *Sierra Club*, 18

F.3d at *1207 (citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 n.10 (5th Cir. 1992)).

 Here, A-One, as surety, is a real party in interest up to the limits of the proceeds available

pursuant to the MCS-90 endorsement covering this accident.[6] As the Fifth Circuit put it in *Ross v.*

*Marshall*, "[w]ithout question, an insurer has a financial stake in securing a favorable outcome for

its insured in a lawsuit alleging potentially covered claims." 426 F.3d at *757. A-One has conceded

its responsibility to pay for a judgment in this case based on its MCS-90 endorsement. (ECF 11 at

5). A-one only wants the opportunity to challenge Plaintiff's alleged damages, which it will be

responsible for paying for in the event of a judgment in favor of Plaintiff. (*Id.*).

 The primary concern for allowing A-One, or any other insurance company, to intervene in

a third-party tort suit like this one is that it may murky the waters on coverage issues; however, A-

One's motion appears to relinquish any arguments pertaining to its responsibility to pay a judgment

against A&K stemming from the subject accident. (*See* ECF 11). In fact, A-One candidly states

that its primary purpose for intervening is to contest damages against Plaintiff, not its responsibility

to pay. (*See id.* at 5) ("A-One has acknowledged its responsibility under the MCS-90 endorsement

and seeks to defend itself against Plaintiff's damages allegations to protect its legally protectible

interest in the proceeds of the MCS-90 endorsement."); *see also Ross*, 426 F.3d at *757–58

(highlighting a string of cases that the primary concern with allowing insurers to intervene is when

---

[6] Based on Plaintiff's Default Judgment Motion requesting $500,000, the entirety of that judgment would most likely be covered by A-One as surety under the MCS-90 endorsement.

the insurer is disputing coverage). Based on A-One's own admission, there is no concern that A-One has sought intervention to contest its responsibility to pay a judgment Plaintiff may receive.

A-One seeks intervention to defend against Plaintiff's alleged damages, not contest its responsibility to pay a judgment Plaintiff may receive. (*See* ECF 11). Accordingly, A-One has a direct property interest at issue in this case.

## C. The disposition of this case will impede A-One's ability to protect its property interest.

The third element "that an applicant must satisfy is that the disposition of the case into which he seeks to intervene 'may, as a practical matter, impair or impede his ability to protect [that] interest.'" *Ross*, 426 F.3d at *760 (quoting *Sierra Club*, 18 F.3d at *1207).

If Plaintiff's Motion for Default Judgment (ECF 10) is granted for the requested $500,000, A-One will be deprived of the opportunity to contest Plaintiff's damages. Put differently, A-One's ability to protect its interest will be impaired—if not destroyed. *See Ross*, 426 F.3d at *761 (discussing that an insurer's interest can be impaired by the disposition of an underlying suit between its insured and a third party).

As it stands now, A-One will be on the hook for Plaintiff's uncontested damage allegations without any party defending against them. Accordingly, the disposition of this case will impair A-One's ability to protect its property interest—namely the proceeds available from the MCS-90 endorsement issued to A&K. (*See* ECF 11).

## D. No party presently in this lawsuit represents A-One's interest.

The final element "that a potential intervenor must satisfy in order to intervene as a matter of right is that 'the existing parties do not adequately represent' his interest." *Ross*, 426 F.3d at *760 (quoting *John Doe No. 1*, 256 F.3d at 380).

Here, the only party currently in this lawsuit is Plaintiff; therefore, no party represents A-One's interest. The Court need not address the adequacy of no representation—it speaks for itself. Plaintiff's alleged damages are entirely uncontested without A-One being permitted to intervene.

## IV.   Conclusion

Based on the foregoing, A-One's Motion to Intervene is GRANTED. A-One's Motion satisfies Federal Rule of Civil Procedure 24(a)(2) and aligns with the caselaw addressing intervention in federal court.[7] The Court is confident that allowing A-One to intervene in this lawsuit will not hurt Plaintiff, and that greater justice can be attained with an interested party, like A-One, defending against Plaintiff's claims.

It is therefore ORDERED that A-One file an answer to Plaintiff's Complaint within 14 days of this ORDER—**on or before November 23, 2023.**

IT IS SO ORDERED.

ENTERED November 9, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[7] *See Wal-Mart Store, Inc.*, 834 F.3d at 565 (5th Cir. 2016) ("Federal courts should allow intervention when no one would be hurt, and greater justice could be attained.").