IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEVIN LABREW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| A&K TRUCKLINE, INC., ET AL., | § | |
| | § | 2:23-cv-079-BR |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| A-ONE COMMERCIAL RISK | § | |
| RETENTION GROUP, INC. | § | |
| | § | |
| Intervenor Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Motion for Default Judgment against A&K Truckline, Inc.

("A&K"). (ECF 10).  After considering the Motion and the relevant law, the Motion is DENIED.

## I.     BACKGROUND

### A.  Factual Background

This case arises out of a hit-and-run car accident between Plaintiff, Devin Labrew, and a

commercial tractor-trailer owned and operated by Defendant A&K. (ECF 1 at 2). The collision

occurred on May 31, 2021 on Interstate Highway 40 East near the intersection with Interstate

Highway 27, in Potter County, Texas. (ECF 1 at 2). The individual driving A&K's commercial

tractor-trailer at the time of the subject collision is still unknown. (ECF 1 at 1). Plaintiff is seeking

to recover on multiple theories of negligence for the personal injuries he allegedly suffered in the

collision with A&K's Unknown Employee Driver. (*See* ECF 1).

### B. Procedural Background

Plaintiff filed this lawsuit on May 4, 2023 in the Amarillo Division of the Northern District of Texas. (ECF 1). Subsequently, Plaintiff attempted to serve A&K through its registered agent—Mr. Kiran Deep—in California by serving him personally at his registered address. (ECF 7; ECF 9). He apparently refused service. (ECF 9 at 2). After he refused service, Plaintiff attempted to serve the summons and complaint on Mr. Deep—at the same address as the personal service attempt—via certified mail. (ECF 9 at 2; *see also* ECF 7). Plaintiff filed a Certificate of Service in July of 2023. (ECF 7). The return receipt Plaintiff filed with the Court does not contain Mr. Deep's signature, i.e., the signature of the addressee. (ECF 7 at 4).

Due to concerns regarding whether Plaintiff effectively served A&K, the undersigned ordered Plaintiff to demonstrate in a written response that service was properly effected on A&K. (ECF 8). In response, Plaintiff filed a brief purporting to establish he had properly served Defendant A&K. (ECF 9). Finally, Plaintiff—believing service had been properly effected on A&K—filed the Motion for Default Judgment before the Court based on A&K's failure to respond or otherwise defend against Plaintiff's claims.[1] (ECF 10).

### II.    MOTION FOR DEFAULT JUDGMENT

"Rule 55 allows a default judgment to be entered against a party and provides the applicable three-step process for securing a default judgment." *Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at *1 (N.D. Tex. Sept. 21, 2021) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)), *adopted by* No. 3:20-CV-1091-E-BH, 2021 WL 4822012 (N.D. Tex. Oct. 15, 2021). First, there must be a default, which occurs "[w]hen

---

[1] One week after Plaintiff moved for default judgment, Intervenor Defendant—A-One Commercial Insurance Risk Retention Group, Inc.—filed its Motion to Intervene. (ECF 11). A-One is A&K's insurer. (*See id.* at 5). The undersigned granted A-One's Motion to Intervene. (ECF 14).

a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend." *New York Life Ins. Co. v. Brown*, 84 F.3d at 141; *accord* Fed. R. Civ. P. 55(a). Second,

there must be an entry of default by the clerk, which occurs "when the default is established by

affidavit or otherwise." *New York Life Ins. Co. v. Brown*, 84 F.3d at 141; *accord* Fed. R. Civ. P.

55(a). "Third, a party may apply to the clerk or the court for a default judgment after an entry of

default." *Schoenbauer*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at *1 (citing *New York Life

Ins. Co.*, 84 F.3d at 141); *accord* Fed. R. Civ. P. 55(b).

### A.  Failure to Plead or Otherwise Defend

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint

and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life Acc. Ins. Co.*, 167 F.3d

933, 937 (5th Cir. 1999). Moreover, "[n]o person need defend an action nor suffer judgment

against him unless he has been served with process and properly brought before the court."

*Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987). "Absent proper

service of process, a court lacks personal jurisdiction over the defendant, and any default judgment

against the defendant would be void." *Schoenbauer*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625,

at *1; *see also Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)).

Plaintiff chose to follow Federal Rule of Civil Procedure 4(h)(1)(a) to serve Defendant

A&K. *See* Fed. R. Civ. P. 4(h)(1)(a). Rule 4(h)(1)(a) allows service on a corporation "in the manner

prescribed by Rule 4(e)(1) for serving an individual." *Id.* Rule 4(e)(1) allows service on a

defendant by "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ.

P. 4(e)(1). Here, pursuant to Rule 4(e)(1), Plaintiff could follow Texas or California rules for

serving Defendant A&K. *See id.* Based on Plaintiff's brief purporting to establish that he served

A&K, Plaintiff followed Texas rules when attempting to serve A&K.[2] (ECF 9 at 3).

Pursuant to Texas Rule of Civil Procedure 106(a), service on a defendant may be

accomplished by: "(1) delivering to the defendant, in person, a copy of the citation, showing the

delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail,

return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a).

Plaintiff initially attempted to serve A&K's registered agent via personal delivery. (ECF 9

at 2). When that failed, Plaintiff attempted to serve A&K via certified mail under Texas Rule of

Civil Procedure 106(a)(2). (ECF 9 at 2); Tex. R. Civ. P. 106(a)(2). Under Texas Rule of Civil

Procedure 107(c),[3] "[w]hen the citation was served by registered or certified mail as authorized by

Rule 106, the return by the officer or authorized person must also contain the return receipt ___with___

___the addressee's signature___." Tex. R. Civ. P. 107(c) (emphasis added). "If the return receipt is not

signed by the addressee, the service of process is defective." *Keeton v. Carrasco*, 53 S.W.3d 13,

19 (Tex. App.—San Antonio 2001, pet. denied).

Here, Plaintiff filed a Certificate of Service on July 17, 2023. (ECF 7). The return receipt

does not contain the addressee's signature. (ECF 7 at 4). Texas state courts and federal courts in

Texas applying the Texas Rules of Civil Procedure for service have consistently found that service

is defective when the return receipt does not contain the addressee's signature. *See, e.g.*, *Bey v.*

---

[2] Plaintiff only relies on the Texas Rules of Civil Procedure in his brief addressing the service attempts on A&K. (ECF 9). But even if he had been operating under the California rules, his mail service attempt fails under the California rules as well. *See Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 199, 110 Cal. Rptr. 791, 800 (Ct. App. 1973) ("[California] Code of Civil Procedure section 415.30…, which authorizes service of summons by mail, expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service."); *see also Austin v. Lyft, Inc.*, No. 21-CV-09345-MMC, 2022 WL 395310, at *3 (N.D. Cal. Feb. 9, 2022) ("[S]ervice by mail under section 415.30 is not "deemed complete" until "the date a written acknowledgment of receipt of summons is executed," specifically, by "the party addressed.") (internal citations omitted).

[3] Plaintiff's brief attempting to show it properly served A&K via certified mail fails to mention or cite Texas Rule of Civil Procedure 107(c). (*See* ECF 9).

*Dominguez*, No. 2:20-CV-073-Z, 2021 WL 389220 at \*1 (N.D. Tex. Jan. 27, 2021) ("Plaintiffs

failed to effectuate service of process. Under Texas law, for mail delivery to constitute effective

service, the return receipt must be signed by the addressee.") (citing *Keeton*, 53 S.W.3d at 19);

*Ayika v. Sutton*, 378 Fed App'x. 432, 434 (5th Cir. 2010) (finding service was defective because

defendants' signature did not appear on the return receipts); *Ramos v. Bluff Springs Food Mart,*

*Inc.*, No. 1:22-CV-161-RP, 2022 WL 5013297 (W.D. Tex. Oct. 4, 2022) (finding service to be

defective when addressee's signature was not displayed on the return receipt); *Am. Bankers Ins.*

*Co. of Fla. v. State*, 749 S.W.2d 195, 197 (Tex. App.—Houston [14th Dist.] 1988, no writ)

("Failure of the officer to sign the return receipt renders the return fatally defective…"); *Keeton*,

53 S.W.3d at 19 (holding service was defective where return receipt was not signed by addressee).

Based on the foregoing, Plaintiff has failed to effectively serve A&K, so he has not shown

that A&K had a duty to answer or otherwise defend.[4] *Schoenbauer*, No. 3:20-CV-1901-E-BH,

2021 WL 4839625, at \*2. In other words, Plaintiff "has not satisfied the first requirement for

default judgment, i.e., that Defendant [A&K] has failed 'to plead or otherwise defend.'" *Id.* (citing

*New York Life Ins. Co.*, 84 F.3d at 141); *accord* Fed. R. Civ. P. 55(a).

## B. Entry of Default

Plaintiff failed to obtain an entry of default; therefore, Plaintiff has no basis to seek a default

judgment. *See Schoenbauer*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at \*2. In *Schoenbauer*,

Judge Ramirez addressed the legal effect of a plaintiff moving for default judgment without

---

[4] In his brief purporting to establish A&K had been properly served, Plaintiff references a Rule 11 agreement between Plaintiff's counsel and an attorney from Hermes Law Firm dated August 1, 2023. (ECF 9 at 9). The agreement states that the Hermes Law Firm attorney will "evaluate its [A&K's] potential receipt of the return of service," which is not an acknowledgement that service was properly made. (ECF 9 at 6). In short, even if the Court found the Rule 11 agreement to be binding on A&K, the Court is not persuaded that it is evidence that proper service was made on A&K. Similarly, the Court disagrees that the agreement created a duty for A&K to plead or otherwise defend against Plaintiff's claims. In fact, the only thing the agreement establishes is that an attorney from Hermes Law Firm agreed to evaluate if A&K had been served or not. (*See* ECF 9 at 6).

properly serving a defendant and before obtaining an entry of default. *See id.* Judge Ramirez wrote:

"Plaintiff has also failed to satisfy the second requirement for a default judgment. He has not

obtained an entry of default before filing his motion; nor can he obtain entry of default because he

has failed to serve Defendant." *Id.*; *see Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL

2124897, at \*1 (N.D. Tex. Apr. 9, 2019) ("Without a prior entry of default, a party has no basis to

seek a default judgment.").

Here, like in *Schoenbauer*, Plaintiff failed to serve the defendant and failed to move for

entry of default—even though default is not warranted because A&K has not been properly served.

*See Schoenbauer*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at \*2; *see also Balderas v.*

*Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at \*3 (N.D. Tex. May 14, 2020) (denying

motion for default judgment because, among other reasons, plaintiffs did not first move for clerk's

entry of default); *Steele v. Unicorn Grp.*, No. 3:19-CV-1679-N-BH, 2019 WL 4919027, at \*2

(N.D. Tex. Sept. 5, 2019), *adopted by* 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019) (same).

## III.    CONCLUSION

Plaintiff has failed to meet the requirements to be entitled to a default judgment against

A&K. Plaintiff has not served A&K, nor did Plaintiff obtain an entry of default against A&K.

Service is a prerequisite for obtaining an entry of default, and obtaining an entry of default is a

prerequisite for obtaining a default judgment. Plaintiff failed to serve A&K and failed to move for

entry of default before filing his Motion for Default Judgment.

Accordingly, Plaintiff's Motion for Default Judgment (ECF 10) is DENIED.

IT IS SO ORDERED.

ENTERED January 9, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

6