IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEVIN LABREW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| A&K TRUCKLINE, INC., ET AL., | § | |
| | § | 2:23-cv-079-BR |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| A-ONE COMMERCIAL RISK | § | |
| RETENTION GROUP, INC. | § | |
| | § | |
| Intervenor Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff's Second Motion for Default Judgment against A&K Truckline, Inc. ("A&K"). (ECF 36). After considering the Motion and the relevant law, the Motion is DENIED.

## I. BACKGROUND

**A. Factual Background**

This case arises out of a hit-and-run car accident between Plaintiff, Devin Labrew, and a commercial tractor-trailer owned and operated by Defendant A&K. (ECF 1 at 2). The collision occurred on May 31, 2021 on Interstate Highway 40 East near the intersection with Interstate Highway 27, in Potter County, Texas. (ECF 1 at 2). The individual driving A&K's commercial tractor-trailer at the time of the subject collision is still unknown. (ECF 1 at 1). Plaintiff is seeking

to recover on multiple theories of negligence for the personal injuries he allegedly suffered in the collision with A&K's Unknown Employee Driver. (*See* ECF 1).

### B. Procedural Background

Plaintiff filed this lawsuit on May 4, 2023 in the Amarillo Division of the Northern District of Texas. (ECF 1). Relevant here, Plaintiff first moved for Default Judgment against A&K on October 10, 2023. (ECF 10). That motion was denied for two reasons: (1) Plaintiff had failed to effect service on A&K; and (2) Plaintiff had not moved for an entry of default prior to moving for default judgment. (*See* ECF 29). Since Plaintiff's first Motion for Default Judgment was denied, Plaintiff has effected service on A&K via the California Secretary of State. (ECF 34). However, Plaintiff has not yet obtained an entry of default against A&K.[1]

On May 2, 2024, Plaintiff filed his Second Motion for Default Judgment against A&K. (ECF 36). Subsequently, Intervenor, A-One Commercial Insurance Risk Retention Group, Inc., filed its Response, opposing Plaintiff's Second Motion for Default Judgment. (ECF 38).

### II. PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT AGAINST A&K

"Rule 55 allows a default judgment to be entered against a party and provides the applicable three-step process for securing a default judgment." *Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at *1 (N.D. Tex. Sept. 21, 2021) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)), *adopted by* No. 3:20-CV-1091-E-BH, 2021 WL 4822012 (N.D. Tex. Oct. 15, 2021). First, there must be a default, which occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *New York Life Ins. Co. v. Brown*, 84 F.3d at 141; *accord* Fed. R. Civ. P. 55(a). Second,

---

[1] *See* N.D. Tex. Civ. R. 55.3 ("Before the clerk is required to enter a default, <u>the party requesting such entry must file with the clerk a written request for entry of default, submit a proposed form of entry of default</u>, and file any other materials required by Fed. R. Civ. P. 55(a).") (emphasis added).

there must be an entry of default by the clerk, which occurs "when the default is established by affidavit or otherwise." *New York Life Ins. Co. v. Brown*, 84 F.3d at 141; *accord* Fed. R. Civ. P. 55(a). "Third, a party may apply to the clerk or the court for a default judgment after an entry of default." *Schoenbauer*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at *1 (citing *New York Life Ins. Co.*, 84 F.3d at 141); *accord* Fed. R. Civ. P. 55(b).

Like one of the deficiencies with Plaintiff's first Motion for Default Judgment (ECF 10), Plaintiff has still not obtained an entry of default against A&K; therefore, Plaintiff has no basis to seek a default judgment. *See Schoenbauer*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at *2. In *Schoenbauer*, Judge Ramirez addressed the legal effect of a plaintiff moving for default judgment before obtaining an entry of default. *See id.* Judge Ramirez wrote: "Plaintiff has… failed to satisfy the second requirement for a default judgment. He has not obtained an entry of default before filing his motion…" *Id.*; *see Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019) ("Without a prior entry of default, a party has no basis to seek a default judgment.").

Although Plaintiff has now served A&K, he has not satisfied one of the requirements to be entitled to a default judgment; namely, obtaining an entry of default. *See Schoenbauer*, No. 3:20-CV-1901-E-BH, 2021 WL 4839625, at *2; *see also Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020) (denying motion for default judgment because, among other reasons, plaintiffs did not first move for clerk's entry of default); *Steele v. Unicorn Grp.*, No. 3:19-CV-1679-N-BH, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019), *adopted by* 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019) (same).

## III.  CONCLUSION

Plaintiff has now served A&K, but still has not obtained an entry of default. As laid out above, and in the Court's first Memorandum Opinion and Order Denying's Plaintiff's Motion for Default Judgment (ECF 29), obtaining an entry of default is a prerequisite for obtaining a default judgment. Accordingly, because Plaintiff has not obtained an entry of default, Plaintiff's Second Motion for Default Judgment (ECF 36) is DENIED.

IT IS SO ORDERED.

ENTERED July 9, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE