IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DEVIN LABREW, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| A&K TRUCKLINE, INC. and JAGJIVAN § | |
| SINGH, § | |
| § | 2:23-cv-079-BR |
| Defendants, § | |
| § | |
| and § | |
| § | |
| A-ONE COMMERCIAL INSURANCE RISK § | |
| RETENTION GROUP, INC., § | |
| § | |
| Intervenor Defendant. § | |

**MEMORANDUM OPINION AND ORDER DISMISSING CLAIMS
AGAINST DEFENDANT SINGH FOR WANT OF PROSECUTION**

This is a personal injury case stemming from a collision between two commercial motor vehicles that occurred in Potter County, Texas on May 31, 2021. (ECF 1 at 1). Plaintiff brought suit in this Court on diversity grounds on May 4, 2023, naming as defendants the driver operating the other vehicle involved in the collision, whose identity was unknown at the time, and the company employing that driver, A&K Truckline, Inc. ("A&K"). (*Id*. at 1-3). With leave of the Court, Plaintiff filed a Second Amended Complaint on February 10, 2025 naming the Defendant driver as one Jagjivan Singh, ("Singh"). (ECF 80).

Neither Defendant has appeared in this matter to date. An Answer was filed, however, with leave of the Court, by Intervenor-Defendant A-One Commercial Insurance Risk Retention Group, Inc. ("A-One"). (ECF 16). A-One was permitted to intervene and defend against Plaintiff's claims on the grounds that A-One is the surety under an MCS-90 endorsement issued to A&K; thus, A-

One is responsible to pay any final judgment recovered against A&K for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles. (ECF 14).

Plaintiff has brought claims against Singh for negligence, negligence *per se*, and gross negligence, and claims against A&K for liability by *respondeat superior*, and for negligent entrustment, negligent hiring, training, supervision, and retention, and gross negligence. (ECF 80 at 3-7).

Not only because there has been a clear record of delay, meaning lesser sanctions will not prompt diligent prosecution, but also because there is a risk of actual prejudice to Singh if the claims against him are allowed to go forward, the Court now dismisses Plaintiff's claims against Singh for want of prosecution under Federal Rule of Civil Procedure 41(b).

## I.     BACKGROUND

Singh's identity has been the source of great confusion in this case so far. As noted above, the identity of the driver operating the other vehicle involved in the collision with the Plaintiff was unknown as of May 4, 2023, when Plaintiff initiated this lawsuit. (ECF 1). On September 12, 2024, more than a month after discovery had closed in the case, (*see* ECF 28 at 5), Plaintiff late-filed a Notice of Subpoena to Testify at a Deposition addressed to one "Sagjivan" Singh. (ECF 45). The same day, Plaintiff also filed a response to a pending Motion for Summary Judgment. (ECF 46). In that response, Plaintiff indicated that "Sagjivan" Singh had been identified as the previously-unknown driver. (*Id*. at 1). Elsewhere in that response, however, Plaintiff spells Singh's first name as Jagjivan, rather than Sagjivan. (*Id*. at 5). Further, Plaintiff attributed Singh's identification to A-One's second amended disclosures, which Plaintiff attached to his response and which spell Singh's first name, "Jagjivan." (ECF 46-3 at 4).

After the Court granted an extension of the discovery deadline so Plaintiff could attempt to depose Singh, (ECF 52), and because counsel for A-One was unavailable at the originally-

noticed time, (*see* ECF 50), Plaintiff filed another Notice of Subpoena to Testify at a Deposition at a rescheduled time, again addressed to Sagjivan Singh. (ECF 55). On November 21, 2024, pursuant to an order of the Court, Plaintiff filed an Advisory indicating that Singh had not appeared for the deposition. (ECF 57). Attached to Plaintiff's Advisory was the Certificate of Nonappearance, in which Singh is referred to once as Sigjivan and once as Sagjivan. (*Id* at 5).

A-One filed an Amended Motion for Summary Judgment on December 16, 2024. (ECF 59). In Plaintiff's response to that Amended Motion, Plaintiff alleges that A-One supplemented its discovery responses on January 3, 2025 to include driver logs and a commercial driver license, both naming "Jagjivan" Singh, which Plaintiff characterized as a correction by A-One. (ECF 64 at 1-3). Plaintiff again attached as an exhibit to the response a copy of A-One's second amended disclosures, which were served on Plaintiff August 1, 2024 and which spell Singh's first name as Jagjivan. (ECF 64-3). Plaintiff also attached an affidavit signed by Ms. Kim Jones Penepacker, Plaintiff's lead attorney, stating that she called Jagjivan Singh (as spelled in the affidavit) at the telephone number indicated in A-One's second amended disclosures and had a brief conversation in which he confirmed his identity as "Mr. Singh." (ECF 64-6). That affidavit is dated September 12, 2024. (*Id*. at 2).

Finally, Plaintiff also attached a scan of a California commercial driver license issued to Jagjivan Singh, and driver daily logs for the dates from May 29, 2021 through June 1, 2021 listing driver name and license numbers matching Singh. (ECF 64-7 at 1-5). The Court presumes these to be the documents A-One produced on January 3, 2025, but notes that the address on the license matches the address provided in A-One's disclosures, contrary to Plaintiff's assertion that the

address on the license produced that day "is not the same as the location where the first-disclosed individual resided." (ECF 64 at 7).[1]

A-One's reply in support of the pending Motion for Summary Judgment, filed January 20, 2025, confirms the Court's understanding that Singh's identity was timely disclosed and that the subsequent confusion has been mostly due to a typographical error. (*See* ECF 70). A-One's initial disclosures, which are attached to that reply, were served on Plaintiff on December 18, 2023, and include Singh, in identical fashion to A-One's second amended disclosures, labeled as "Defendant" and as a person likely to have discoverable information. (ECF 70-2 at 3). Accordingly, it is clear to the Court that the parties <u>had or should have identified Mr. Jagjivan Singh of Fresno, California as the defendant driver as early as December 18, 2023</u>, before an original Scheduling Order had even been entered in this case. (*See* ECF 25, 28).

## II.     THE RECORD OF DELAY

As noted above, the events giving rise to this dispute occurred at about 12:37 a.m. on May 31, 2021, and Plaintiff initiated suit on May 4, 2023 without knowing the identity of the defendant driver. (ECF 1 at 1-3). On December 18, 2023, A-One's initial disclosures set forth the name, telephone number, and address of Jagjivan Singh, labeling him, "Defendant." (ECF 70-2 at 3).

---

[1] It is impossible to say from the record whether (1) the defendant driver, Jagjivan Singh, (2) the person with whom counsel for Plaintiff conversed telephonically according to the September 12, 2024 affidavit, and (3) the person who received Plaintiff's subpoena to testify at the November 4, 2024 deposition but did not appear are the same individual or are multiple individuals. The Court notes that Plaintiff may mean the address listed on the license produced by A-One does not match the address of the person subpoenaed to testify at the deposition.

Separately, because this case is at the summary judgment stage and because the Court's *sua sponte* dismissal of Plaintiff's claims against Singh, for reasons explained below (*infra* n. 2), operates as a final and unfavorable pre-trial adjudication on the merits of those claims, the Court notes that the presence in the evidentiary record of Singh's California driver license listing a California address would be sufficient to support a reasonable jury finding that he was a California citizen at the time this action was initiated. Further, based on that evidence, no reasonable jury could find that Singh was a citizen of Texas such as would destroy diversity. The Court makes this note only because its dismissal, though without prejudice *de juris* and so formally equivalent to a dismissal for lack of subject matter jurisdiction, may be prejudicial *de facto*, which would ordinarily require an affirmation of subject matter jurisdiction. *See Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657 (5th Cir. 2024).

Under the Court's original Scheduling Order, the deadline for any party to move for leave to amend pleadings was May 2, 2024. (ECF 28 at 3). Plaintiff did not move to amend his Complaint and name Singh as the defendant driver at any time between A-One's December 18, 2023 disclosures and the May 2, 2024 deadline to amend pleadings. Under the same Scheduling Order, all discovery was to be completed by August 1, 2024. (*Id.* at 5). So far as the Court can tell, Plaintiff did not conduct any discovery related to Singh's identity before that deadline.

On the last day of discovery, A-One provided Plaintiff with its second amended disclosures, identical to its first regarding Singh's inclusion. (ECF 46-3 at 4). Plaintiff moved for an extension of discovery, which the Court granted, and attempted for the first time to depose Singh (or, perhaps, a different individual with a similar name; *see supra* n. 1). (ECF 46 at 2). On December 10, 2024, after being informed that the attempt to depose Singh had been unsuccessful, the Court ordered a status conference, which was held January 16, 2025. (ECF 58, 66). At that conference, Plaintiff orally requested an opportunity to amend the Complaint; Plaintiff's counsel indicated uncertainty as to the course of action that would be taken regarding the still-unnamed defendant driver. (*See* ECF 66). Accordingly, the Court granted leave to late-file a motion to amend, and Plaintiff filed his Second Amended Complaint on February 10, 2025, naming Singh as a defendant for the first time. (ECF 68 (Order granting leave to move to amend), 76 (Order granting Motion to Amend), *and* 80 (Plaintiff's Second Amended Complaint, replacing the "unknown defendant driver" with Singh)).

In the weeks since Plaintiff filed his Second Amended Complaint, he has not moved the Clerk of Court to issue summons as to Jagjivan Singh. As such, the Court can say with certainty that Plaintiff, despite having been provided a year and some months past with Singh's name and (likely an outdated) address and phone number, still has not effected service on him. This case is

currently scheduled for jury trial starting in approximately two months. (ECF 28 at 6). At the aforementioned January 16, 2025 conference, counsel on both sides expressed their hope that this setting would be preserved. The Court shares that hope, but cannot imagine it would be possible if Singh, who has not been served and may not have even yet been located, remains in this case as a Defendant.

### III.    DISMISSAL FOR FAILURE TO PROSECUTE

A court has multiple discretionary tools at its disposal for managing its own docket, and one is established by Rule 41(b), which allows a court to *sua sponte* order the involuntary dismissal of a plaintiff's action or claim "if the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b); *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal…on the court's own motion."). Dismissal, especially with prejudice,[2] is an extreme measure that must be strictly justified. *Campbell*, 988 F.3d at 801.

The Fifth Circuit Court of Appeals has established a framework to determine when dismissal with prejudice is justified. First, there must be a clear record of either egregious delay or contumacious conduct. *Id*. at 802 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Second, the court must expressly determine that lesser measures "would not prompt diligent prosecution," or else must have attempted lesser measures without success. *Campbell*, 988 F.3d at 802. Even when both requirements are satisfied, the Fifth Circuit generally requires the presence of one or more aggravating factors in the case; the standard examples are "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

---

[2] In Texas, the statute of limitations for torts like those Plaintiff has alleged against Singh is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Accordingly, though the Court formally dismisses Plaintiff's claims against Singh without prejudice, the Court acknowledges that it will likely be impossible for Plaintiff to pursue those claims further. Due to that practicality, the Court makes the decision to dismiss by reference to the stricter standard.

## IV.    ANALYSIS

In this case, close to two years elapsed between the commencement of this May 2023 lawsuit and the naming of Singh as a party a few weeks prior to the issuance of this Order. Even assuming Plaintiff could not have learned of Singh's identity before A-One served initial disclosures, the delay from those disclosures in December of 2023 to the first attempt to depose Singh in November of 2024 is still egregious. In that time, the Court has granted extensions of discovery for the express purpose of locating Singh and bringing him into this lawsuit with proper service, and those have proven futile.

If Plaintiff's claims against Singh are allowed to proceed to trial, they will proceed alongside a Default judgment[3] against his employer, including on a *respondeat superior* claim, which assumes Singh's liability, and a claim for negligent entrustment, which contains as an element an admission to Singh's liability. In two months there will be a jury verdict on damages. If Singh remains in the case, he will likely be jointly and severally liable with A&K for any award of damages, based on a jury determination as to proportionate fault. Singh will have no realistic opportunity to participate in that trial.

The Court could continue the current trial setting to a later date, increasing the expense incurred by all involved, in the hope that Singh is finally successfully located, served, and permitted to defend against Plaintiff's claims. In addition to the prejudice Singh would face, the Court notes that the increased burden and expense on Plaintiff in such a scenario is unlikely to make any material contribution to Plaintiff's eventual recovery for his injuries.

---

[3] The Court expects to issue an order granting default judgment as to A&K's liability separately on the same day this Order issues.

Accordingly, because there is a clear record of egregious delay in this case, because lesser measures have so far proved and will likely continue to prove futile, and because it is the best way to both prevent prejudice to Singh and ensure the full and efficient provision of due remedy to Plaintiff, the Court dismisses without prejudice Plaintiff's claims against Singh for negligence, negligence *per se*, and gross negligence.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Singh are DISMISSED WITHOUT PREJUDICE for failure to prosecute.

IT IS SO ORDERED.

ENTERED February 27, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE