IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEVIN LABREW, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| A&K TRUCKLINE, INC., | § § § | 2:23-cv-079-BR |
| Defendant, | § § | |
| and | § § | |
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC., | § § § § | |
| Intervenor Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER DENYING SUMMARY JUDGMENT AND PARTIALLY GRANTING DEFAULT JUDGMENT

This is a personal injury case stemming from a collision between two commercial motor vehicles that occurred in Potter County, Texas on May 31, 2021. (ECF 1 at 1). Plaintiff brought suit in this Court on diversity grounds on May 4, 2023, naming as defendants the unknown driver[1] operating the other vehicle involved in the collision and the company employing that driver, A&K Truckline, Inc. ("A&K"). (ECF 1 at 1-3). Neither Defendant appeared in this lawsuit, and the Clerk of Court filed an Entry of Default as to Defendant A&K on September 17, 2024. (ECF 51).

An Answer was filed, however, with leave of the Court, by Intervenor Defendant A-One Commercial Insurance Risk Retention Group, Inc. ("A-One"). (ECF 16). A-One was permitted to intervene and defend against Plaintiff's claims on the grounds that A-One is the surety under an

---

[1] This driver was subsequently identified as one Jagjivan Singh, but Plaintiff's claims against that Defendant have been dismissed by a separate order of the Court. (ECF 84).

MCS-90 endorsement issued to A&K; thus, A-One is responsible to pay any final judgment recovered against A&K for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles. (ECF 14).

Plaintiff has brought claims against A&K for liability by *respondeat superior*, and for negligent entrustment, negligent hiring, training, supervision, and retention, and gross negligence. (ECF 80 at 3-7). Plaintiff has moved for default judgment on the claims against A&K and requested damages be awarded for medical bills and lost wages in an amount exceeding $141,486. (ECF 72 at 1, 3-4). Plaintiff has also requested that a jury award non-economic damages for mental anguish and physical pain and suffering. (*Id.* at 3-4). A-One opposes the request for damages included in Plaintiff's Motion for Default Judgment, (ECF 64), and has also moved for summary judgment on Plaintiff's claims against A&K for negligent entrustment and for negligent hiring, training, supervision, and retention (together, the "direct negligence" claims). (ECF 72 at 3-6).

After addressing the threshold issue of subject matter jurisdiction, the Court, having considered the arguments of the parties and the applicable law, now denies A-One's Motion for Summary Judgment, and grants Plaintiff's Motion for Default Judgment on A&K's negligence and gross negligence as to liability, but denies it as to damages. This case will proceed to trial on the sole remaining issue of Plaintiff's damages recoverable from A&K for the claims of negligence and gross negligence.

## I.    SUBJECT MATTER JURISDICTION

This Court's authority to issue rulings in this case is from 28 U.S.C. § 1332 and is conditioned on the diverse citizenship of the parties and on the sufficiency of the amount in controversy. The Fifth Circuit has clarified that, when a case is at the summary judgment stage, the record must contain competent evidence sufficient to support a summary judgment finding as to subject matter jurisdiction. *See Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657 (5th

Cir. 2024). To ensure this standard was met, the Court ordered supplemental briefs and evidentiary exhibits to be filed by both Plaintiff, (ECF 71), and A-One, (ECF 69).

As a preliminary note, the parties are agreed that the requirements of diversity of citizenship and amount in controversy are met and permit the Court's exercise of subject matter jurisdiction in this case generally.[2] The fact that the parties agree on the matter, however, is irrelevant. "The parties cannot stipulate to diversity jurisdiction, just as they cannot stipulate to any other form of subject matter jurisdiction." *Megalomedia*, 115 F.4th at 659 (*citing Ins. Corp. of Ir. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("The consent of the parties is irrelevant.")). Further, the Court has an independent duty to determine jurisdiction *sua sponte*. *MidCap Media Fin., L.L.C. v. Pathway Data Inc*, 929 F.3d 310, 313 (5th Cir. 2019) ("We have an independent obligation to assess our own jurisdiction before exercising the judicial power of the United States."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[3]

For the controversy to be "between citizens of different states" under 28 U.S.C. § 1332(a)(1), "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *MidCap*, 929 F.3d at 313. In this case, Plaintiff, a natural person, must be a citizen of different state from A&K and A-One, both corporations. A natural person's state of citizenship is that in which they both reside and intend to remain or keep their home. *Id.*

---

[2] Plaintiff, in his briefing, "disputes subject matter jurisdiction over Intervenor A-One as there are no controversies between A-One and any party in this litigation." (ECF 71 at 3). Plaintiff has not asserted that A-One's presence in the lawsuit destroys diversity, nor that it reduces the amount in controversy below the statutory threshold. The question of A-One's standing is distinct from the question of the Court's subject matter jurisdiction; the matter of standing is addressed below.

[3] The Court further notes that, as explained below, Defendant A&K's failure to file a responsive pleading in this case results as a matter of law in A&K having admitted all allegations in Plaintiff's pleadings, except for those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6). As counsel for Plaintiff pointed out at a January 16, 2025 hearing before the undersigned, (ECF 66), this means A&K has admitted the jurisdictional facts in Plaintiff's pleadings. For the reasons set out here, however, A&K's *de juris* stipulation to subject matter jurisdiction is irrelevant.

A corporation, by contrast, "is a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." *Id.* at 314 (quoting 28 U.S.C. § 1332(c)(1)) (emphasis added). Generally, subject matter jurisdiction on diversity grounds depends on the citizenship of the parties at the time the lawsuit was initiated. *See Grupo Dataflux v. Atlas Global Group, L.P*, 541 U.S. 567 (2004).

A. The Citizenship of Plaintiff, A&K, and A-One

Plaintiff has alleged that he is a citizen of Georgia. (ECF 80 at 1). To support this allegation, Plaintiff has submitted sworn statements, recorded when he was deposed, confirming that he resided in Georgia continuously from at least 2015 until the date of the deposition, and that he has a Georgia driver's license. (ECF 71-1). This evidence would support a reasonable jury finding that Plaintiff both resides and intends to remain in Georgia, and so is a citizen of the state of Georgia.

Plaintiff and A-One are agreed that A&K was incorporated in California and maintains its principal place of business in California. (ECF 80 at 1 *and* ECF 69 at 2-3). To support this, A-One has filed a copy of the policy issued to A&K, which includes multiple appended forms and endorsements referring to California. (ECF 69-3). A-One has also filed a Statement of Corporate Information from the California Secretary of State's office indicating that A&K was formed in California with a single officer, Kiran Deep, (ECF 69-4), and a copy of A&K's Articles of Incorporation under California law, (ECF 69-5). These constitute sufficient evidence to support a reasonable jury finding that A&K is a corporation formed under the laws of the State of California.

There is no record evidence directly confirming A&K's principal place of business. However, the Court notes that Plaintiff's certificate of service filed July 17, 2023 indicates attempted service by certified mail to Kiran Deep (A&K's sole officer) in Eastvale, California, and though a recipient signature was not recorded, neither was the mail rejected as undeliverable. (ECF 7). Similarly, an affidavit of attempted service attached to a prior motion by Plaintiff

4

indicates that an unspecified agent of A&K upon whom service was attempted in Orange County, California on October 24, 2023 had moved away from that address six months prior. (ECF 30 at 10) (marked "Exhibit C"). Thus, though the record does not definitively establish that A&K's principal place of business is in California, the evidence could support a reasonable jury finding to that effect; thus, for purposes of this Order, A&K is a citizen of California only.

A-One has alleged that it was formed in Tennessee and has its principal place of business there. (ECF 69 at 3). To support this, A-One has filed a corporate information record from the Secretary of State of Tennessee confirming A-One's state of formation. (ECF 69-6). A-One also cites to the policy issued to A&K, which lists A-One's business address as being in Nashville, Tennessee. (ECF 69-3 at 1). This is sufficient to support a reasonable jury finding that A-One was incorporated and maintains its principal place of business in Tennessee, and so is a citizen of Tennessee only.

### B.    Conclusion as to Subject Matter Jurisdiction

Because Plaintiff is a citizen of Georgia, A&K is a citizen of California, and A-One is a citizen of Tennessee, there is complete diversity of citizenship between the parties in this case. Because of that diversity, and because the amount in controversy, as reflected by the pleadings and the pending Motion for Default Judgment, is at least $141,486, which is above the statutory threshold of $75,000, the Court has subject matter jurisdiction in this case sufficient to support the entry of this summary and default judgment Order.

### II.    A-ONE'S MOTION FOR SUMMARY JUDGMENT

As noted above, A-One has moved for summary judgment on Plaintiff's claims against A&K for direct negligence. (ECF 59). Plaintiff, in addition to disputing A-One's right to intervene in the case overall, has specifically objected that the Motion for Summary Judgment is improper, because the relevant claims were not asserted against A-One. (ECF 71 at 2).

A. <u>A-One has Standing to Intervene</u>

A-One was permitted to intervene in this matter under Federal Rule of Civil Procedure 24(a) to protect its interest in the amount of any final judgment that may eventually be entered in this case. (*See* ECF 14). Plaintiff argues that because there are "no valid, direct claims against" A-One by Plaintiff, "no 'controversy' exists between A-One and any party in this litigation," so "Plaintiff disputes subject matter jurisdiction over A-One." (ECF 71 at 2). The Court construes this as an argument that A-One lacks standing to move the Court for relief. *See, e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (explaining standing as "a doctrine rooted in the traditional understanding of a case or controversy" that "limits the category of litigants empowered to…seek redress for a legal wrong").

To support his argument, Plaintiff cites numerous cases in which courts "have held that a co-party lacked standing to respond to a Motion for Summary Judgment filed by a co-party." (ECF 64 at 6, n. 1) (collecting cases). For example in *Thurman v. Wood Group Prod. Servs.*, a longshoreman who had been employed to provide welding services on an offshore oil rig brought suit against multiple defendants, including the owner of the crew boat that transported him to and from the rig. 2010 WL 5207587, 2010 U.S. Dist. LEXIS 132190 (E.D. La. Dec. 14, 2010) That defendant moved for summary judgment on the grounds that it had not been negligent, and the plaintiff agreed, but the boat owner's co-defendants opposed the motion. *Id.*, 2010 WL at *1. Noting that there had been no cross-claims filed between defendants, the court held that the boat owner's co-defendants lacked standing to oppose the motion. *Id.* at *1-2.

Plaintiff acknowledges that the instant circumstance does not match the cases cited, but argues that "if a co-defendant lacks standing to *respond* to a Motion for Summary Judgment filed by a co-party, then it logically follows that a co-defendant may not *move* for Summary Judgment against a party that has no live causes of action against it." (ECF 64 at 6) (emphasis in original).

As such, Plaintiff asks the Court to deny A-One's Motion for Summary Judgment on the grounds that A-One lacked standing to bring it. (*Id.*).

Plaintiff's argument fails because, unlike the co-defendants in *Thurman*, A-One has a legitimate interest in the resolution of Plaintiff's claims against A&K. It was in recognition of this interest that the Court permitted A-One to intervene in this lawsuit under Rule 24(a), and the legal effect of that intervention is that A-One is now defending against Plaintiff's claims. (*See* ECF 14). A-One, as an intervenor defendant, has full standing to move the court for summary judgment on the claims it is defending against. *See City of Shoreacres v. Waterworth*, 332 F. Supp. 2d 992 (S.D. Tex. 2004) (granting a cross motion for summary judgment filed by an intervenor defendant who had never been named in the Plaintiff's pleadings), *aff'd*, 420 F.3d 440, 445, n. 1 (5th Cir. 2005).

### B. Summary Judgment on Plaintiff's Claims is Improper

A-One has moved for summary judgment denying Plaintiff's claims for negligent entrustment, hiring, training, supervision, and retention.[4] (ECF 59 at 3-6). A-One raises the same argument as to each of these claims: Plaintiff has not produced any evidence to show that A&K negligently entrusted a vehicle to the defendant driver, or that A&K was negligent in its hiring, training, supervising, or retention of employees. (*Id.*). A-One's reply in support of its Motion emphasizes that Plaintiff knew or should have known of the identity of the defendant driver as early as December 18, 2023, when A-One produced initial disclosures, but that Plaintiff conducted no discovery pertaining to that individual until the attempted deposition described above. (ECF 70 at 4). Thus, Defendant argues, Plaintiff had an opportunity to develop record evidence of A&K's

---

[4] For clarity, the Court groups these claims together only to the extent that they assert a defendant's direct liability for negligence and to the extent that they are the objects of A-One's motion. *But see infra*, n. 8. The elements of negligent entrustment under Texas law differ from those of the other direct negligence claims.

negligence, but never did so, resulting in insufficient summary judgment evidence to support a reasonable jury finding on Plaintiff's direct negligence claims. (ECF 59 at 3-6, 70 at 7).

Plaintiff opposes summary judgment by challenging A-One's standing to bring the Motion. (ECF 64 at 5-6). Plaintiff also points to a crash report completed by Plaintiff around the time of the collision identifying the other vehicle involved as labeled with A&K's information. (*Id.* at 9; ECF 64-1). More generally, Plaintiff argues that A&K's failure to appear and defend this case calls for a default judgment against A&K, rather than a summary judgment dismissing Plaintiff's claims for lack of evidence. (ECF 64 at 12). Plaintiff emphasized this argument at a hearing held before the undersigned on January 16, 2025, pointing out that A&K's failure to answer equates to an admission of all assertions in Plaintiff's pleadings to which responses were required. (*See* ECF 66); *see also* Fed. R. Civ. P. 8(b)(6).

As stated above, A-One has standing to bring the instant Motion for Summary Judgment, but the Court otherwise agrees with Plaintiff that such Motion should be denied on its merits. The driver logs produced with A-One's second amended disclosures and filed in the summary judgment record as an appendix to Plaintiff's response show that, in the days surrounding the collision, Singh was operating a truck for carrier A&K with a "Truck Tractor ID" of 167, (ECF 64-7 at 2-3), matching the "Truck #" listed on the crash report filled out by Plaintiff, (ECF 64-1). Moreover, the driver logs indicate that Singh was in Ribera, New Mexico around 7:15 p.m. May 30, 2021, and was in McLean, Texas around 6:30 a.m. May 31, 2021. (ECF 64-7 at 2-3). This is consistent with Plaintiff's allegations that the collision occurred at approximately 12:37 a.m. on May 31 while both vehicles were traveling eastbound on Interstate Highway 40 in Potter County, Texas. (*See* ECF 80 at 2). Plaintiff has also produced photographic evidence of damage to the vehicle he was operating at the time of the collision. (ECF 64-5). Finally, as detailed below,

Defendant A&K, by failing to answer, has admitted Plaintiff's well-pleaded allegations of fact. Fed. R. Civ. P. 8(b)(6); *see Escalante v. Lidge*, 34 F.4th 486, 492-3 (5th Cir. 2022).

Because there is sufficient evidence in the summary judgment record for a reasonable jury to find that a collision occurred as described by Plaintiff and that A&K employed the individual whom Plaintiff alleges caused the accident, and further because A&K has *de juris* admitted all of Plaintiff's well-pleaded factual allegations,[5] A-One's Motion for Summary Judgment is denied.

### III. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Default judgment is available from a court of competent jurisdiction against certain defendants[6] who have failed to plead within the timeframe established by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a)-(b); *see generally Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494 (5th Cir. 2018) *and Escalante*, 34 F.4th at 492-3.

#### A. The Court Has Personal Jurisdiction Over A&K

A court may only exercise personal jurisdiction over a defendant when permitted to do so by both the long-arm statute of the forum state and by the constitutional requirements of due process. *See, e.g.*, *Carmona v. Leo Ship Mgmt.*, 924 F.3d 190, 193-4 (5th Cir. 2019). In Texas, because the applicable long-arm statute reaches to the furthest extent constitutionally permissible, this collapses into a single inquiry. *Id.* at 193. A court may constitutionally exercise specific personal jurisdiction over a defendant that has purposely availed itself of the benefits of the court's forum state in a manner that directly gives rise to the claims adjudicated. *See, e.g.*, *Ford Motor Co. v. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 359 (2021). When applying for a default judgment, a

---

[5] The sufficiency of Plaintiff's pleadings is more fully treated in the following section on default judgment.

[6] Default judgment against minors, incompetent persons, and members of the United States military are controlled by additional rules; because A&K is a domestic business organization, none of those rules are applicable here.

plaintiff has the burden to make a *prima facie* showing of personal jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

As detailed above, Plaintiff has plausibly alleged that A&K employed the defendant driver for the purposes of driving through Texas, and that such employment and its associated activities resulted directly in Plaintiff's injury. These amount to a *prima facie* showing that A&K purposely directed its activities toward this forum state, that Plaintiff's cause of action results from those activities, and that it is fair and reasonable for A&K to be haled into Texas courts in connection with the activities and associated injury. *See Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024).

B. A&K Has Failed to Answer

Plaintiff filed his Original Complaint May 4, 2023. (ECF 1). The docket reflects that A&K was first served with a copy of the Complaint and summons on June 12, 2023. (ECF 7). Plaintiff also, with leave of the Court, attempted alternative service on A&K by service upon the Secretary of State of California under California Corporations Code § 1702(a). (*See* ECF 32). Plaintiff then filed a certificate of service indicating that alternative service was effected February 23, 2024. (ECF 34). A&K was required to file an answer or responsive pleading within 21 days of service, and still has not done so as of the date of this Order. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). The Clerk of Court issued an Entry of Default on September 17, 2024. (ECF 51).

Plaintiff filed his Second Amended Complaint, the live pleading in this case, on February 10, 2025. (ECF 80). The record does not indicate whether this version of Plaintiff's complaint has ever been served on A&K; the Court presumes it has not. However, the Second Amended Complaint is identical to Plaintiff's Original Complaint, (ECF 1), except every reference to "Defendant Driver" has been updated to refer to Jagjivan Singh, (ECF 80). An amended complaint does not need to be served on a party in default unless the amendment adds new claims for reliefs

against that party. Fed. R. Civ. P. 5(a)(2); *see In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593 (5th Cir. 2014). Accordingly, the Court may grant Plaintiff's Motion for Default Judgment, (ECF 72), as to Plaintiff's Second Amended Complaint, (ECF 80), without first waiting for a service and answer period to elapse.

### C.     Plaintiff's Claims are Adequately Pleaded

Plaintiff has brought claims against A&K for *respondeat superior* liability for its employee driver's negligence and negligence *per se*, and for negligent and grossly negligent[7] entrustment, hiring, training, supervision, and retention. (ECF 80 at 5-7). To support a default judgment on any of these claims, Plaintiff's live complaint must include well-pleaded allegations of each of their elements. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015).

To prevail under a theory of *respondeat superior*, a plaintiff must show that an employee committed a tort while acting within the normal course and scope of his employment. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3D 754, 757 (Tex. 2007). Plaintiff's Second Amended Complaint adequately alleges this to be the case. (ECF 80 at 2-5).

To succeed at trial on a claim for negligent entrustment requires showing that (1) the defendant had entrusted the vehicle to another person, (2) that person was an unlicensed, incompetent, or reckless driver, (3) the defendant knew or should have known that about the person at the time of the entrustment, (4) the person was negligent[8] on the occasion in question, and (5)

---

[7] Under Texas law, gross negligence is not a separate or independent cause of action, but is instead the extension of a claim for ordinary negligence in cases where the plaintiff can prove that the defendant was consciously indifferent to the likelihood that harm would result from their negligent actions. *RLI Ins. Co. v. Union Pac. R.R.*, 463 F.Supp.2d 646, 649-50 (S.D. Tex. 2006) ("Gross negligence is not a separate cause of action apart from negligence.") (citing *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 557 (Tex. App.—Amarillo 1997, writ den.)); *see also Jezek v. R.E. Garrison Trucking, Inc.*, 637 F.Supp.3d 445, 450-53 (N.D. Tex. 2022) (summarizing the law pertaining to gross negligence and applying it in the context of commercial motor vehicle accidents).

[8] There is some disagreement over whether negligent entrustment results in direct or vicarious liability of the defendant. *See Fuller v. Biggs*, 532 F.Supp.3d 371, 380-81 (N.D. Tex. 2021) (collecting cases); *see also F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007) (equating "the doctrine of vicarious liability" with *respondeat superior* and referring to negligent entrustment as "a form of vicarious liability"). The distinction is

that negligence proximately caused the plaintiff's injury. *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016). Plaintiff has adequately alleged these elements and has adequately alleged that A&K's associated malfeasance amounts to gross negligence. (ECF 80 at 2-7).

Negligent hiring, training, supervision, and retention are universally acknowledged as claims for negligence committed directly by an employer defendant. *See, e.g.*, *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912-13 (Tex. App.—Fort Worth 2008, no pet.). The elements of such claims are the existence of a duty, the breach of that duty by the defendant, an injury to the plaintiff proximately caused by that breach, and damages associated with that injury. *Id.* at 912. For negligent hiring, the duty is to investigate or screen employees before hiring them. *Id.* For negligent supervision and retention, the duty is to supervise and terminate the employment of those whose employment is unsafe. *Id.* at 912-13. For negligent training, the duty is to provide reasonably prudent training. *Id.* at 912. Plaintiff has adequately pleaded that A&K had these duties and breached them, and that the breach caused Plaintiff's injury. (ECF 80 at 5-7). Thus, Plaintiff has adequately pleaded that A&K was negligent in hiring, training, supervising, and retaining its employees. Further, Plaintiff has alleged that A&K had actual knowledge of extreme risks involved in these acts and omissions, but proceeded with conscious indifference to those risks. (*Id.* at 7). Thus, Plaintiff has adequately alleged that A&K's negligence amounts to gross negligence.

### D. Plaintiff's Damages will be Determined by a Jury

When granting default judgment, a court may award damages without an evidentiary hearing only when the amount can be determined by mathematical calculation or is otherwise a

---

significant because, under Texas law, a defendant cannot generally be found vicariously liable for the gross negligence of another. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921-22 (Tex. 1998). As such, a claim for negligent entrustment may support an award of exemplary damages under Texas law, while a *respondeat superior* or other vicarious liability claim will not.

liquidated sum. *Walker v. Koelzer*, 715 F.Supp. 3d 956, 966 (N.D. Tex. 2024). Here, the Plaintiff has moved for an award of liquidated damages for medical expenses, but also for an award of unliquidated damages in an amount to be determined according to Plaintiff's jury demand. (ECF 72 at 3). Because the total amount of damages to be awarded on Plaintiff's claims is unliquidated and cannot be calculated, the Court denies Plaintiff's Motion for Default Judgment as to damages.

### IV.    CONCLUSION

For the foregoing reasons, A-One's Motion for Summary Judgment, (ECF 59), is DENIED, and Plaintiff's Motion for Default Judgment against Defendant A&K, (ECF 72), is GRANTED IN PART as to liability for negligence and gross negligence and DENIED IN PART as to the amount of damages. This matter will proceed to trial for determination of the sole question of the amount of damages incurred by Defendant A&K's liability for negligence and gross negligence.

IT IS SO ORDERED.

ENTERED February 27, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE